BERNETTE COTTON, JUDY LYNN JONES AND ELIZA HARVEY, ET AL., PLAINTIFFS v. NORMAN K. STANLEY AND EVELYN B. STANLEY, DEFENDANTS

No. 8810SC1055

(Filed 20 June 1989)

**Attorneys at Law § 7.5— allowance of fees as part of costs—failure to make appropriate findings**

> In an action for injunctive relief for alleged unfair trade practices in failing to comply with the Housing Inspector's deadline for correcting defects in heating and plumbing facilities in defendants' rental units, the trial court's order awarding attorney fees was inadequate where the court made no findings with regard to the time and labor expended by plaintiffs' counsel, the skill required, the experience and ability of the attorneys, and the customary fee for like work; moreover, language in the court's order suggested that the court may have limited its award of attorneys' fees to those services related to preparation for retrial, while plaintiffs were entitled to legal fees for prosecuting the appeal as well as for the preparation for retrial.

APPEAL by plaintiffs from *Stephens (Donald W.), Judge.* Order on attorneys' fees entered 13 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 14 April 1989.

On 28 April 1983 plaintiffs filed a class action against defendants seeking injunctive relief and damages under Chapter 75 of the General Statutes for alleged unfair business practices. The damages sought were in the form of a rent rebate for rents paid to defendants after defendants failed to comply with the Housing

Inspector's deadline for correcting defects in heating and plumbing facilities in defendants' rental units.

The action was tried before a jury, and the jury found that defendants were engaged in unfair business practices, including their practice of collecting the full amount of rent for units which the Housing Inspector had determined were unsafe or unfit for human habitation. Based on the jury's findings, the trial judge entered a judgment concluding that defendants had violated G.S. 75-1.1 and granting plaintiffs injunctive relief. On the issue of rent rebates for defendants' failure to maintain premises fit for human habitation, the trial judge directed a verdict in favor of defendants based on plaintiffs' failure to present sufficient direct evidence of the amount by which the rental units had been diminished in value. The court also awarded plaintiffs, as the prevailing party, $10,000.00 in attorneys' fees.

Both parties gave notice of appeal; however, defendants failed to perfect theirs. On plaintiffs' appeal from the directed verdict, this Court in *Cotton v. Stanley*, 86 N.C. App. 534, 358 S.E. 2d 692 (1987), ruled that sufficient evidence of diminished rental value had been presented by plaintiffs for this issue to go to the jury. The case was remanded for retrial on the issue of damages. The Supreme Court denied defendants' petition for discretionary review. *Cotton v. Stanley*, 321 N.C. 296, 362 S.E. 2d 779 (1987).

During the interim before the case was scheduled for retrial, attempts at settlement were unproductive. After calendar call at the session for which the case was set for retrial, the trial judge urged the parties to pursue further negotiations which resulted in a settlement. Based thereon the court entered a consent judgment ordering defendants to pay the sum of $5,362.56. Plaintiffs' attorneys then moved the court to award attorneys' fees incurred in the appeal and preparation for retrial. The court found defendants' refusal to settle the issue after the decision of this Court to be unwarranted, and awarded plaintiffs an additional $1,500.00 in attorneys' fees. Plaintiffs appeal.

*East Central Community Legal Services, by Augustus S. Anderson, Jr. and Victor Boone, and Robert A. Miller, P.A., by Robert A. Miller, for plaintiffs-appellants.*

*Robert T. Hedrick for defendants-appellees.*

PARKER, Judge.

The sole issue presented on appeal is whether the trial court committed reversible error in setting an unreasonable attorneys' fee award. In an action under Chapter 75 of the General Statutes alleging unfair or deceptive trade practices, the prevailing party is entitled to reasonable attorneys' fees when the court finds (i) that the party charged with a violation wilfully engaged in unlawful conduct proscribed by the Chapter and (ii) that there was an unwarranted refusal by the party charged to fully resolve the matter. G.S. 75-16.1.

One purpose for the statute authorizing attorneys' fees is to encourage individuals to bring valid actions to enforce the statute by making such actions economically feasible. *Winston Realty Co. v. G.H.G., Inc.*, 314 N.C. 90, 95, 331 S.E. 2d 677, 680 (1985); *City Finance Co. v. Boykin*, 86 N.C. App. 446, 358 S.E. 2d 83 (1987). Whether to award or deny these fees is within the sound discretion of the trial judge. *Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E. 2d 120, 125 (1987); *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 688, 340 S.E. 2d 755, 761, *cert. denied*, 317 N.C. 333, 346 S.E. 2d 137 (1986); *Varnell v. Henry M. Milgrom, Inc.*, 78 N.C. App. 451, 457, 337 S.E. 2d 616, 620 (1985). Once the court decides to award attorneys' fees, however, it must award reasonable attorneys' fees. G.S. 75-16.1; *Morris v. Bailey*, 86 N.C. App. at 387, 358 S.E. 2d at 125. Furthermore, in order for the appellate court to determine if the statutory award of attorneys' fees is reasonable the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney. *Id.*

The order awarding attorneys' fees recited that the court had previously "found that defendant's conduct was wilful and that their refusal to settle the dispute was unwarranted." Then after recitations concerning the appeal and settlement the order stated:

> Plaintiffs now seek additional attorneys fees for legal expenses in prosecuting the appeal and in preparing for trial. The Court finds that the defendants failure and refusal to settle this remaining damage issue after the decision of the N. C. Court of Appeals which required Plaintiffs to prepare for a second jury trial was unwarranted. The Court in its discretion therefore awards an additional amount of $1,500 in attorneys fees.

**COTTON v. STANLEY**

[94 N.C. App. 367 (1989)]

This order is deficient in that the findings of fact are inadequate to enable this Court to determine whether or not the award of attorneys' fees was reasonable. The order merely states, "The Court in its discretion therefore awards an additional amount of $1,500 in attorneys fees." Consistent with this Court's decision in *Morris v. Bailey, supra*, we remand this action for the trial court to make findings of fact taking into consideration the time and labor expended by plaintiffs' counsel, the skill required, the experience and ability of the attorneys, and the customary fee for like work and to make an award based on these findings.

Further, the language that "defendants failure and refusal to settle this remaining damage issue after the decision of the N.C. Court of Appeals which required plaintiffs to prepare for a second jury trial was unwarranted," suggests that the court may have limited its award of attorneys' fees to those services related to preparation for retrial. This Court has held that when awarding attorneys' fees pursuant to G.S. 75-16.1, the trial court may include fees for services rendered at all stages of the litigation. *Finance Co. v. Boykin*, 86 N.C. App. at 449, 358 S.E. 2d at '85. Fees are authorized for the prevailing party and may be awarded for all time, including appeal, reasonably expended in obtaining or sustaining the status of prevailing party. *See id.* at 449-50, 358 S.E. 2d at 85. In the present case, plaintiffs sought review of the trial court's refusal to submit the issue of damages to the jury and prevailed on this issue on appeal. Since the trial court had already found in the previous order that defendants' conduct was wilful and that their refusal to settle the dispute was unwarranted, plaintiffs were, in our opinion, entitled to legal fees for prosecuting the appeal as well as for the preparation for retrial.

We affirm plaintiffs' entitlement to legal fees and remand for further findings of fact and an award of attorneys' fees consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges PHILLIPS and COZORT concur.