An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-59

Filed: 7 April 2015

Buncombe County, No. 13 CVD 2976

WAYNE STINES, Plaintiff,

v.

TIMOTHY CARTER, Defendant.

Appeal by defendant from order entered 28 August 2013 by Judge J. Calvin Hill in Buncombe County District Court. Heard in the Court of Appeals 4 June 2014.

*No brief filed on behalf of plaintiff-appellee.*

*Pisgah Legal Services, by Faith Foote, Candace A. Mance, Denise A. Lockett, Robin L. Merrell, Thomas K. Gallagher, Erin B. Wilson, Benjamin T. Many, and Marjorie B. Maynard; and Roberts & Stevens, P.A., by Ann-Patton Hornthal, for defendant-appellant.*

GEER, Judge.

Defendant-tenant Timothy Carter appeals from an order granting plaintiff-landlord Wayne Stines possession of a mobile home rented to defendant, awarding plaintiff past-due rent, and dismissing defendant's counterclaims for breach of the implied warranty of habitability and unfair and deceptive trade practices. On appeal, defendant primarily argues that the trial court should have dismissed plaintiff's claim for summary ejectment because plaintiff did not comply with the notice

provisions of N.C. Gen. Stat. § 42-3 (2013) prior to initiating the summary ejectment proceeding.

N.C. Gen. Stat. § 42-3 provides that a tenant forfeits the term of his lease when he fails to pay rent within 10 days after a demand is made by the lessor for all past-due rent. This statutory forfeiture provision does not apply when, as here, the terms of the lease expressly provide for the termination of the lease and the right of re-entry upon the tenant's failure to pay rent. Because defendant has not made any argument that plaintiff's notice to vacate the premises was not sufficient to terminate plaintiff's estate pursuant to the terms of the lease, we affirm the trial court's determination that plaintiff is entitled to possession of the premises and back rent.

Defendant additionally argues that the trial court erred in concluding that his counterclaims for breach of the warranty of habitability and unfair and deceptive trade practices were without merit. We hold that the trial court made insufficient findings to support its conclusions that these claims were without merit. Accordingly, we reverse as to the counterclaims and remand for further findings of fact.

Facts

Plaintiff and defendant entered into a written residential lease agreement on 19 August 2012. The lease provided that "[t]enant shall pay Landlord the weekly rent of $100.00 per week, payable on Friday, in the event the rent is not paid on Friday [tenant] will vacate by Tuesday. . . . In the event of any breach of the payment

of rent or any other allowed charge, or other breach of this Lease, Landlord shall have full rights to terminate this Lease in accordance with state law and re-enter and re-claim possession of the leased premises, in addition to such other remedies available to Landlord arising from said breach."

On 26 June 2013, plaintiff initiated a summary ejectment proceeding, alleging that defendant failed to pay rent on 25 May 2013 and that defendant owed $900.00 in past due rent. On 8 July 2013, the Magistrate entered judgment in favor of plaintiff, ordered that defendant be removed from the premises, and ordered defendant to pay $1,000.00 in back rent. Defendant appealed the judgment to the district court and executed a bond to stay execution of judgment while on appeal. On 6 August 2013, defendant filed an answer and asserted counterclaims for breach of the implied warranty of habitability, rent abatement, and unfair trade practices. He denied that he failed to pay rent on 25 May 2013 and denied that plaintiff made a demand for rent and waited 10 days before filing the summary ejectment complaint.

After a hearing on 16 August 2013, the trial court entered an order in favor of plaintiff on 28 August 2013. The trial court found:

> Parties entered into a written lease acknowledged by both parties on August 19, 2012.
>
> Item number 2. in the lease indicates a rent of one hundred dollars ($100.00) a week and that the tenant will vacate on the Tuesday following a missed Friday payment.

Item number 4-I. of the lease indicates that the landlord can enter the home "in case of emergency, such as water leaks."

The tenant Defendant complained of certain water leaks but denied the Plaintiff entry of the premises on at least two occasions.

Tenant acknowledged only partial payment of the one hundred dollar ($100.00) rent on at least one occasion. Plaintiff alleges and the Court finds that at some point Defendant ceased all rent payments.

The Plaintiff gave notice to vacate on June 16, 2013 by written letter to the Defendant who had been made aware of procedure for getting his mail.

The notice was properly stamped and mailed certified mail.

The Defendant made material and structural alterations to the property by removing panels of material from the trailer to construct a blind. This was in violation of section 4-C. of the lease and also constitutes waste to the Plaintiff's property.

The Court finds the deficiencies in the property to be mostly cosmetic in nature.

Based upon these findings, the trial court concluded that "Defendant's defenses and Counter Claims are without merit and are rejected by the Court. Defendant has breached the lease contract agreement and Plaintiff is entitled to immediate possession of the premises along with seven hundred dollars ($700.00) for back rent payment." Defendant timely appealed the order to this Court.

I

"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)).

On appeal, defendant argues that the statutory forfeiture provisions of N.C. Gen. Stat. § 42-3 are applicable to this case. Based upon this premise, he argues that the trial court's finding that defendant provided a notice to vacate 10 days prior to initiating the summary ejectment proceeding is not supported by the evidence and is insufficient as a matter of law to show that plaintiff had forfeited the term of his lease pursuant to N.C. Gen. Stat. § 42-3. Consequently, defendant argues, the trial court should have dismissed the summary ejectment proceeding. We do not agree that N.C. Gen. Stat. § 42-3 applies in this case.

The North Carolina General Statutes allow a landlord to seek summary ejectment "[w]hen the tenant . . . has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased." N.C. Gen. Stat. § 42-26(a)(2) (2013). Non-payment of rent may be made the basis of summary ejectment under this section if "the lease itself provides for termination by such breach or reserves a right of reentry for such breach." *Stanley v. Harvey*, 90 N.C. App. 535, 537, 369 S.E.2d 382, 384 (1988). Alternatively, where the lease is silent as to termination for non-

payment of rent, the tenant's non-payment of rent may nevertheless be made the basis of summary ejectment under N.C. Gen. Stat. § 42-26(a)(2) pursuant to the implied forfeiture provisions of N.C. Gen. Stat. § 42-3.

N.C. Gen. Stat. § 42-3 provides that in all residential leases where there is a fixed time for payment of rent, "there shall be implied a forfeiture of the term upon failure to pay the rent within 10 days after a demand is made by the lessor or his agent on said lessee for all past-due rent[.]" However, "statutory forfeitures under Section 42-3 are not implied where the lease itself provides for termination upon non-payment of rent." *Stanley*, 90 N.C. App. at 537-38, 369 S.E.2d at 384. In such a case, the court must determine whether, under the provisions of the lease, the estate was terminated prior to the commencement of the summary ejectment action. *See id.* at 537, 369 S.E.2d at 384. "When termination of a lease depends upon notice, the notice must be given in strict compliance with the contract as to both time and contents." *Id.* at 539, 369 S.E.2d at 385.

In the present case, the lease provides, in pertinent part, that "[t]enant shall pay Landlord the weekly rent of $100.00 per week, payable on Friday, in the event the rent is not paid on Friday [tenant] will vacate by Tuesday." The lease further provides that "[i]n the event of any breach of the payment of rent or any other allowed charge, or other breach of this Lease, Landlord shall have full rights to terminate this Lease in accordance with state law and re-enter and re-claim possession of the leased

premises, in addition to such other remedies available to Landlord arising from said breach." Because the lease expressly gives plaintiff the right to terminate the lease upon defendant's non-payment and reserves his right of re-entry, N.C. Gen. Stat. § 42-3 does not apply to this case. *See Charlotte Office Tower Assocs. v. Carolina SNS Corp.*, 89 N.C. App. 697, 701, 366 S.E.2d 905, 907 (1988) ("We conclude that G.S. 42-3 and G.S. 42-33 are remedial in nature and will apply only where the parties' lease does not cover the issue of forfeiture of the lease term upon nonpayment of rent. Where the contracting parties have considered the issue, negotiated a response, and memorialized their response within the lease, the trial court appropriately should decline to apply these statutory provisions.").

Therefore, plaintiff was entitled to summary ejectment if he could show that defendant's estate had ceased pursuant to the terms of the lease. Although defendant asserts in conclusory fashion that defendant "did not attempt to invoke a forfeiture clause," he makes no attempt to address the termination provisions in the lease or how they apply to this case. It is well established that "[t]he appellant bears the burden to show error in the trial court's ruling on appeal and how such alleged error prejudiced the appellant." *Stott v. Nationwide Mut. Ins. Co.*, 183 N.C. App. 46, 50, 643 S.E.2d 653, 656 (2007).

Defendant has made no argument that plaintiff's estate had not ceased pursuant to the terms of the lease. Moreover, in all of his remaining arguments

regarding the trial court's order granting immediate possession, defendant has assumed that N.C. Gen. Stat. § 42-3 is applicable to this case. Because we have concluded that N.C. Gen. Stat. § 42-3 does not apply, we affirm the portion of the trial court's order concluding that "Defendant has breached the lease contract agreement and Plaintiff is entitled to immediate possession of the premises along with seven hundred dollars ($700.00) for back rent payment."

II

Defendant next argues that the trial court erred in dismissing his counterclaim for rent abatement for the alleged breach of the implied warranty of habitability. "By the enactment in 1977 of the Residential Rental Agreements Act, N.C. Gen. Stat. Secs. 42-38 *et seq.*, our legislature implicitly adopted the rule, now followed in most jurisdictions, that a landlord impliedly warrants to the tenant that rented or leased residential premises are fit for human habitation. The implied warranty of habitability is co-extensive with the provisions of the Act." *Miller v. C. W. Myers Trading Post, Inc.*, 85 N.C. App. 362, 366, 355 S.E.2d 189, 192 (1987). "Tenants may bring an action for breach of the implied warranty of habitability, seeking rent abatement, based on their landlord's noncompliance with N.C.G.S. Sec. 42-42(a)." *Cotton v. Stanley*, 86 N.C. App. 534, 537, 358 S.E.2d 692, 694 (1987).

" 'The rent abatement is calculated as the difference between the fair rental value of the premises if as warranted (*i.e.*, in full compliance with N.C.G.S. 42-42(a))

and the fair rental value of the premises in their unfit condition ("as is") plus any special and consequential damages alleged and proved.' A tenant who has withheld rent may also recover damages for breach of the covenant of habitability, but damages of rent abatement can include only those amounts actually paid by defendant for substandard housing." *Creekside Apartments v. Poteat*, 116 N.C. App. 26, 34, 446 S.E.2d 826, 831 (1994) (internal citation omitted) (quoting *Cotton*, 86 N.C. App. at 537, 358 S.E.2d at 694).

Defendant contends that he presented evidence that plaintiff violated N.C. Gen. Stat. § 42-42(a)(1) (2013), which requires landlords to comply with all applicable housing codes, and N.C. Gen. Stat. § 42-42(a)(8)(a) and (b), which requires landlords to "[w]ithin a reasonable period of time based upon the severity of the condition, repair or remedy any imminently dangerous condition on the premises after acquiring actual knowledge or receiving notice of the condition" including unsafe wiring and unsafe flooring. Defendant introduced into evidence a report from the Buncombe County Assistant Fire Marshal, dated 25 July 2013, which found that the premises did not comply with the Buncombe County minimum rental-housing ordinance based on deficiencies in the areas of heating, flooring, and weatherization, and a finding that the premises overall did not meet standards for being "clean, safe and sanitary."

Specifically, the report found that the furnace needed repairs, the exterior underpinning was falling, the front door frame was rotten, the front and rear doors were not properly sealed, not all windows had screens, the front door lacked a screen, there were holes in the walls throughout the trailer, floors needed to be replaced and recovered in the living room, bathroom, and hallway, the first bedroom lacked a furnace vent, shower walls were rotten, there was a hole in the front of the bathtub, a hole in the ceiling at the front door, and exposed wiring where the kitchen light used to be. This evidence is sufficient to support a finding that plaintiff violated the implied warranty of habitability. *See Dean v. Hill*, 171 N.C. App. 479, 484, 615 S.E.2d 699, 702 (2005) (evidence that premises violated local housing code sufficient to support finding that landlord breached implied warranty of habitability).

With respect to the deficiencies in the property, the trial court made the following findings of fact:

> The tenant Defendant complained of certain water leaks but denied the Plaintiff entry of the premises on at least two occasions.
>
> Tenant acknowledged only partial payment of the one hundred dollar ($100.00) rent on at least one occasion. Plaintiff alleges and the Court finds that at some point Defendant ceased all rent payments.
>
> . . . .
>
> The Defendant made material and structural alterations to the property by removing panels of material from the trailer to construct a blind. This was in violation

> of section 4-C. of the lease and also constitutes waste to the Plaintiff's property.
>
> The Court finds the deficiencies in the property to be mostly cosmetic in nature.

Based upon these findings of fact, the trial court concluded that "[d]efendant's defenses and Counter Claims are without merit and are rejected by the Court" and that plaintiff is entitled to $700.00 for back rent payment.

We hold that these findings are insufficient to support the conclusion that plaintiff's counterclaim for rent abatement is "without merit." As stressed by our Supreme Court, "[e]ffective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated." *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). Where the trial court's findings are lacking, "it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto." *Id.*

Here, the trial court's findings are insufficient to show how the trial court determined that defendant is not entitled to rent abatement. The trial court made no finding as to whether plaintiff breached the implied warranty of habitability, the fair market value of the property in its deficient state, or exactly how many payments defendant actually made for the substandard housing. Although the trial court found that deficiencies in the property were "mostly cosmetic in nature," that finding

implies that some of the deficiencies were not simply "cosmetic." However, the trial court did not specify which deficiencies were deemed cosmetic; did not identify which deficiencies were not cosmetic and why those deficiencies did not breach the implied warranty of habitability; and did not determine how those deficiencies, whether "cosmetic" or not, affected the fair rental value of the property. Additionally, the trial court needed to determine when exactly defendant stopped making rent payments in order to calculate the amount he actually paid for substandard housing.

We therefore remand for further findings of fact. *Compare Dean*, 171 N.C. App. at 481-82, 615 S.E.2d at 700 (holding findings sufficient to support claim for breach of implied warranty of habitability and remanding for entry of judgment in favor of defendant where trial court "determined that the fair rental value of the premises in its defective condition was one hundred and fifty dollars ($150.00) per month from 1 April 2003 through 30 September 2003 and the fair market value of the premises as warranted was three hundred and fifty dollars ($350.00) per month from 1 April 2003 through 30 September 2003" and that defendant ceased payment of rent on 3 September 2003).

III

Finally, defendant argues that the trial court erred by dismissing his counterclaim for unfair trade practices and treble damages pursuant to N.C. Gen. Stat. § 75-1.1 (2013). North Carolina's Unfair and Deceptive Trades Practices statute

is designed to protect the public by allowing consumers to bring a private cause of action to recover damages when they have been aggrieved by a business' unfair or deceptive trade practices. *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 519 (4th Cir. 1999). To prevail on a claim of unfair and deceptive trade practices, a party must show: " '(1) [presence of] an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiff[].' " *Shepard v. Bonita Vista Props., L.P.,* 191 N.C. App. 614, 624, 664 S.E.2d 388, 395 (2008) (quoting *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000)), *aff'd per curiam*, 363 N.C. 252, 675 S.E.2d 332 (2009).

A trade practice is unfair if it is " 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.' " *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998) (quoting *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 263, 266 S.E.2d 610, 621 (1980), *overruled on other grounds, Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E.2d 385 (1988)). A trade practice is " 'deceptive if it has the capacity or tendency to deceive.' " *Gupton v. Son-Lan Dev. Co.*, 205 N.C. App. 133, 143, 695 S.E.2d 763, 771 (2010) (quoting *Huff v. Autos Unlimited, Inc.*, 124 N.C. App. 410, 413, 477 S.E.2d 86, 88 (1996)). Recovery through N.C. Gen. Stat. § 75-1.1 is " 'limited to those situations when a plaintiff can show that plaintiff detrimentally relied upon a statement or misrepresentation and he or she suffered actual injury as a proximate

result of defendant's deceptive statement or misrepresentation.' " *McLamb v. T.P. Inc.*, 173 N.C. App 586, 593, 619 S.E.2d 577, 582 (2005) (quoting *Forbes v. Par Ten Grp., Inc.*, 99 N.C. App. 587, 601, 394 S.E.2d 643, 651 (1990)).

Rental of residential housing is "commerce" for the purposes of N.C. Gen. Stat. § 75-1.1. *Dean*, 171 N.C. App. at 485, 615 S.E.2d at 702. In addition, North Carolina courts have held that a landlord's continuous demands of rent while aware of deficiencies in the property that amount to violations of N.C. Gen. Stat. § 42-42(a) may support a claim of unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. *Dean*, 171 N.C. App. at 486, 615 S.E.2d at 703; *Allen v. Simmons*, 99 N.C. App. 636, 645, 394 S.E.2d 478, 484 (1990).

Defendant contends that this case is analogous to *Dean*. In *Dean*,

> [the tenant's] evidence established that his residential rental premises were uninhabitable and that [the landlord] knew that the premises needed repair, but failed to correct the defects and continued to demand rent payments. This evidence supports a factual finding that [the landlord] committed an unfair and deceptive trade practice. The record clearly indicates that [the tenant's] premises were uninhabitable and violated the Gaston Housing Building Code. The trial court listed numerous defects that existed on the premises prior to and during [the tenant's] living in those premises and incorporated those defects into its findings of facts in making its determination that the premises were uninhabitable. [The tenant] specifically alleged in his counterclaim that [the landlord] repeatedly refused to repair any of those defects the trial court found to have existed in and about the leased premises.

171 N.C. App. at 485, 615 S.E.2d at 702-03.

Here, the trial court's findings show that plaintiff was aware of at least one deficiency -- "certain water leaks" -- but that defendant "denied the Plaintiff entry of the premises on at least two occasions." In other words, plaintiff attempted to remedy one deficiency, but was prevented from doing so by defendant. The trial court did not make any finding as to whether plaintiff was aware of any other deficiencies, "cosmetic" or otherwise. On remand, the trial court should make findings of fact as to whether plaintiff had notice of the deficiencies not addressed in the first order. If the trial court determines that plaintiff had notice that the house was uninhabitable but continued to demand rent, the trial court may treble the amount of damages owed to defendant, if any, for the amount of rent defendant actually paid in excess of the fair market rental value of the property in its defective condition.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges BRYANT and CALABRIA concur.

Report per Rule 30(e).