CLIFF CARDWELL, Plaintiff-Appellant v. BRENDA HENRY, Defendant-Appellee

No. COA00-1027

(Filed 17 July 2001)

### Landlord and Tenant— implied warranty of habitability— breach—calculation of damages

There was competent evidence in a nonjury trial to support the trial court's findings and conclusions that plaintiff breached the implied warranty of habitability; however, defendant's damages were improperly calculated.

Appeal by plaintiff from judgment dated 14 June 2000 by Judge William G. Jones in Mecklenburg County District Court. Heard in the Court of Appeals 23 May 2001.

*Harkey, Lambeth, Nystrom, Fiorella & Morrison, L.L.P., by Jeffrey S. Williams-Tracy, for plaintiff-appellant.*

*Legal Services of Southern Piedmont, Inc., by Linda S. Johnson and Theodore O. Fillette, for defendant-appellee.*

WALKER, Judge.

Plaintiff was the owner of residential premises located at 1005 Andrill Terrace (the premises) in Charlotte (the City). Defendant has lived at the premises since 1992 pursuant to a series of oral leases. On 10 September 1999, plaintiff entered into a written lease with defendant agreeing to pay a monthly rental rate of $360 due on or before the first day of each month. Beginning in November 1999 and continuing through 31 January 2000 when plaintiff sold the premises, the premises had certain defects which violated the City's Housing Code. These defects included unsafe electrical wiring, which caused defendant an insufficient supply of electrical power, often rendering useless the premises' heat, hot water, and appliances. During this time, defendant's payment of rent was not always timely.

CARDWELL v. HENRY

[145 N.C. App. 194 (2001)]

On 22 December 1999, plaintiff received a complaint and notice of hearing from the City regarding violations of the housing code on the premises. That same day, plaintiff filed a complaint for summary ejectment against defendant for breach of the lease by nonpayment of rent. On 11 January 2000, defendant answered and counterclaimed, alleging breach of implied warranty of habitability and unfair or deceptive trade practices.

After the small claims court found for plaintiff, defendant appealed to the district court. By judgment dated 14 June 2000, the district court concluded plaintiff had breached the implied warranty of habitability and committed "unfair or deceptive acts in commerce in violation of N.C.G.S. § 75-1.1 et. seq. . . ." The district court thus dismissed with prejudice plaintiff's claim for summary ejectment and ordered plaintiff to pay defendant damages in the amount of $880, which was trebled to $2,640. Costs of the action were further taxed to plaintiff.

Plaintiff contends the district court erred in finding plaintiff had breached the implied warranty of habitability owed to defendant. Plaintiff further contends the district court erred in its calculation of damages and in finding that plaintiff committed unfair and deceptive acts, thereby trebling defendant's damages.

Defendant contends the district court properly determined she was entitled to damages from November 1999 through January 2000 for breach of the implied warranty of habitability, refund of unlawful rent and unfair acts and deceptive practices. Defendant further asserts that under this Court's recent decision of *Von Pettis Realty, Inc. v. McKoy*, 135 N.C. App. 206, 519 S.E.2d 546 (1999), *disc. review denied*, 351 N.C. 371, 542 S.E.2d 661 (2000), the trial court utilized the proper method for calculating her damages.

At the outset, we note the standard of review for bench trials:

In all actions tried without a jury, the trial court is required to make specific findings of fact, state separately its conclusions of law, and then direct judgment in accordance therewith. It is well settled law that although the sufficiency of the evidence to support the trial court's findings may be raised on appeal, the 'appellate courts are bound by the trial courts' findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary.'

*Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 460, 490 S.E.2d 593, 596, *disc. review denied*, 347 N.C. 574, 498 S.E.2d 380 (1998) (citations omitted), *quoting In re Montgomery*, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984).

This Court has held:

[T]he proper measure of damages in a rent abatement action based on a breach of the implied warranty of habitability is the difference between the fair rental value of the property in a warranted condition and the fair rental value of the property in its unwarranted condition; provided, however, the damages do not exceed the total amount of rent paid by the tenant. Additionally, the tenant is entitled to any 'special and consequential damages alleged and proved.'

*Von Pettis Realty, Inc.* at 210, 519 S.E.2d at 549, *quoting Cotton v. Stanley*, 86 N.C. App. 534, 537, 358 S.E.2d 692, 694, *disc. review denied*, 321 N.C. 296, 362 S.E.2d 779 (1987).

In its order, the trial court made the following findings in part:

. . .

2. [Defendant] has lived at the premises since 1992 pursuant to a series of oral leases; at the time the complaint was filed, the monthly rent was $360.00.

3. From November 1999 until the present, there have been certain defects in the premises which violated the Housing Code of the City of Charlotte, including unsafe electrical wiring.

4. Plaintiff knew of these defects, as the defects were reported by defendant. Plaintiff made repairs, but the electrical problem recurred.

5. This defect [has] seriously affected the use and enjoyment of the premises by defendant. The fair rental value of the premises as provided by plaintiff to defendant was no more than $200.00 per month for the months of November 1999 and no more than $100.00 per month for the months of December 1999 and January 2000. If the defects had all been repaired and the premises had been in the condition required by law, the fair rental value would have been $360.00 per month.

6. The unsafe wiring and the lack of an operable lock on the bathroom window rendered the premises 'immediately dangerous to

health and safety' as defined by Section 11-35(d) of the Housing Code of the City of Charlotte, which was enacted November 9, 1998. From December 1998 through December 1999, plaintiff collected $4420.00 in rent from defendant.

7. Plaintiff continued to demand rent for the premises in its substandard condition, and this action was unethical, oppressive, and substantially injurious to the defendant.

8. During the tenancy, plaintiff collected rent by going to the premises and receiving the payments directly from defendant, usually on a weekly basis. Plaintiff refused to accept any payments from defendant after receiving the Complaint and Notice of Hearing from the housing inspector on December 22, 1999, though the balance of rent for December was tendered by defendant.

The trial court then concluded in part:

. . .

3. By failing to put and keep the premises in a fit and habitable condition, plaintiff breached the implied warranty of habitability owed to defendant. As a result of plaintiff's breach of the implied warranty of habitability, defendant has been damaged in an amount of $160.00 per month for November 1999 and in an amount of $260.00 per month for the months of December 1999 and January 2000.

4. Pursuant to the Housing Code of the City of Charlotte, it was unlawful for the plaintiff to collect rent for the premises beginning in November 1999, and defendant is entitled to damages in the amount of all rent paid to plaintiff in November 1999 ($360.00) and December 1999 ($100.00).

. . .

6. [Plaintiff's] failure to repair the premises and continued demands for full rent for the premises in their unfit condition, continuing to collect rent while the premises were immediately dangerous, and retaliatory eviction violated state public policies and constituted unfair or deceptive acts in commerce in violation of N.C.G.S. § 75-1.1 et seq., and defendant's damages must be trebled.

Based on these conclusions, the trial court ordered that defendant recover $360 for November 1999 and $260 per month for December

1999 and January 2000 for breach of implied warranty of habitability. The trial court further ordered that these amounts be trebled such that plaintiff's recovery amounted to $2,640.

We conclude from a review of the record there is competent evidence to support the trial court's findings and conclusions that plaintiff breached the implied warranty of habitability of the premises and defendant is entitled to damages. However, after further review, we conclude the trial court improperly calculated defendant's damages in the following respects: (1) For November 1999, the trial court determined the fair rental value for this month to be $200. Defendant paid rent for this month in the amount of $360, leaving defendant's damages at $160; (2) For December 1999, the trial court determined the fair rental value for this month to be $100; however, defendant only paid rent in the amount of $100. Defendant was therefore not entitled to damages for this month; and (3) For January 2000, the trial court determined the fair rental value for this month to be $100; however, defendant did not pay any rent. Thus, $100 should be offset against defendant's damages for this month.

Therefore, the portion of the judgment awarding damages is reversed and the case is remanded to the trial court for a determination of defendant's damages consistent with this opinion.

Affirmed in part; reversed and remanded in part.

Judges McCULLOUGH and SMITH concur.