DURHAM HOUSING AUTHORITY, Plaintiff v. A. LARRY PARTEE, Defendant

No. COA07-581

(Filed 18 March 2008)

**1. Public Assistance— Section 8 rental assistance—breach of lease contract—summary ejectment—violation of N.C.G.S. § 14-435**

   The trial court did not err in a summary ejectment case based on a breach of lease contract for Section 8 termination by finding that defendant violated N.C.G.S. § 14-435 even though he contends there was no evidence that he sold, advertised, or intended to profit from the DVDs in his possession that did not show the name of the true manufacturer because: (1) there was competent evidence that defendant advertised and sold DVDs; (2) the trial court implicitly found that defendant advertised and sold the DVDs for financial gain by concluding that defendant's advertising and sale of the DVDs violated N.C.G.S. § 14-435; and (3) defendant's purpose of financial gain can be inferred from his agreement to make an illegal DVD copy of a movie.

**2. Public Assistance— Section 8 rental assistance—breach of lease contract—illegal activity—finding illegal activity impaired physical or social environment not required**

   The trial court did not err in a summary ejectment case by concluding that defendant's violation of N.C.G.S. § 14-435 was a breach of his Section 8 housing lease and that defendant should

be evicted on that basis because: (1) defendant's lease could reasonably be interpreted to allow the management of the apartment complex to terminate the lease for participation in any illegal activity or for any other activity which impaired the physical or social environment of the apartment complex; and (2) it was sufficient for the trial court to find defendant's activity was illegal, without finding as fact that defendant's illegal activity also impaired the physical or social environment of the apartment complex, in order to conclude the lease had been breached.

### 3. Appeal and Error— preservation of issues—failure to cite authority

Although defendant assigned error to the trial court's denial of his counterclaim for the restoration of his Section 8 housing assistance benefits, this assignment of error is overruled because defendant failed to cite authority in support of this argument as required by N.C. R. App. P. 28(b)(6).

Appeal by defendant from judgment entered 3 January 2007 by Judge David Q. LaBarre in District Court, Durham County. Heard in the Court of Appeals 15 November 2007.

*The Banks Law Firm, P.A. by John Roseboro, for plaintiff-appellee.*

*Daniel F. Read for defendant-appellant.*

STROUD, Judge.

Plaintiff appeals from an order summarily ejecting him from the dwelling located at 500 Pickwick Trail, Apartment 321, Durham, North Carolina, and denying his counterclaim for restoration of his Section 8 rental assistance[1] benefits. On review, we conclude that the trial court's findings of fact were supported by competent evidence and that those findings of fact supported the trial court's conclusions of law. Accordingly, we affirm.

### I. Background

Plaintiff received Section 8 rental assistance from the Durham Housing Authority (DHA) for his residence at 500 Pickwick Trail, Apartment 321, at Preiss-Steele Place in Durham, North Carolina.

---

1. *See* 42 U.S.C. § 1437f (2006); 24 C.F.R. § 982.501 (2006). "Section 8" is a federal program which subsidizes rental payments for low-income tenants. ·

Among several conditions of continued receipt of Section 8 benefits, plaintiff was not allowed to seriously violate his lease,[2] 24 C.F.R. § 982.551(e) (2006), or "engage in . . . criminal activity that threaten[ed] the . . . right to peaceful enjoyment of other residents[,]" 24 C.F.R. § 982.551(I) (2006).

In or around July of 2006, defendant advertised for sale and sold copies of movies on DVD at the Priess-Steele property. Because those DVDs did not bear the name of their true manufacturers, plaintiff was charged with violation of N.C. Gen. Stat. § 14-435.[3]

By a letter dated 31 July 2006, defendant received notice from the manager of Preiss-Steele Place that he was required to vacate his apartment by 31 August 2006 because his advertising and attempted sale of the mislabeled DVDs violated N.C. Gen. Stat. § 14-435, an illegal act which resulted in violation of his lease. By a letter dated 15 August 2006, DHA notified defendant that his Section 8 rental assistance would be terminated because his violation of N.C. Gen. Stat. § 14-435 was a "serious . . . violation of the lease," and also a "criminal activity that threaten[ed] the . . . right to peaceful enjoyment of other residents[.]"

On or about 8 September 2006, plaintiff filed a complaint in Small Claims Court, Durham County. The complaint sought summary ejectment of defendant on the basis that defendant had breached his lease agreement by violating N.C. Gen. Stat. § 14-435.

On or about 17 September 2006, DHA held an informal hearing and affirmed the termination of defendant's Section 8 rental assist-

---

2. Defendant's lease read, in pertinent part:

> Management may terminate this Lease upon the occurrence of . . . the conduct or participation of a member of Resident's household in *any illegal or other activity* within or outside Preiss-Steele Place which impairs the physical or social environment of Preiss-Steele Place or the safety of members of Resident's household or other members of households in Preiss-Steele Place[.]

(Emphasis added.)

3. A person is guilty of failure to disclose the origin of an article when, for commercial advantage or private financial gain, the person knowingly advertises or offers for sale or resale, or sells or resells, or causes the rental, sale, or resale, or rents, or manufactures, or possesses for these purposes, any article, the packaging, cover, box, jacket, or label of which does not clearly and conspicuously disclose the actual true name and address of the manufacturer of the article and the name of the actual author, artist, performer, producer, programmer, or group.

N.C. Gen. Stat. § 14-435(a) (2005).

ance. On or about 19 September 2006, the small claims court found that "the plaintiff has failed to prove the case by the greater weight of the evidence[,]" and entered an order dismissing the complaint with prejudice. Plaintiff filed notice of appeal to District Court, Durham County on or about 26 September 2006.

In a motion filed with the district court on or about 6 October 2006, defendant counterclaimed for restoration of his Section 8 benefits, alleging that the termination was "contrary to all evidence, and a violation of due process of law[.]" In the same motion, defendant moved for dismissal of plaintiff's summary ejectment complaint alleging: (1) there was no evidence that defendant had sold the DVDs for commercial gain or financial advantage, therefore plaintiff had failed to prove one of the essential elements of N.C. Gen. Stat. § 14-435; and (2) alternatively, even if defendant was found to have violated N.C. Gen. Stat. § 14-435, there was no evidence that the activities of defendant impaired the physical or social environment of Preiss-Steele Place.

A bench trial was held on or about 7 December 2006. The trial court found that defendant possessed, advertised and sold DVDs which did not show the name of the true manufacturer. Accordingly, the trial court concluded that defendant had violated N.C. Gen. Stat. § 14-435(a), and in so doing had violated his lease agreement. Defendant was therefore ordered to immediately vacate the dwelling unit located at 500 Pickwick Trail, Apartment 321, Durham, North Carolina. The trial court also concluded that defendant had seriously breached the lease agreement and engaged in criminal activity that threatened the peaceful enjoyment of other residents, which were proper grounds for termination of Section 8 benefits. Accordingly, the trial court denied defendant's counterclaim for restoration of Section 8 housing assistance benefits. Defendant appeals.

## II. Standard of Review

At a bench trial, "the trial judge considers the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom. If different inferences may be drawn from the evidence, the trial judge determines which inferences shall be drawn and which shall be rejected." *Terry's Floor Fashions, Inc. v. Crown Gen. Contr'rs, Inc.*, 184 N.C. App. 1, 10, 645 S.E.2d 810, 816 (2007) (citations, brackets and quotation marks omitted). On review of a bench trial, "the appellate courts are bound by the trial courts' findings of fact where there is some evidence to sup-

port those findings, even though the evidence might sustain findings to the contrary," *Cardwell v. Henry*, 145 N.C. App. 194, 195, 549 S.E.2d 587, 588 (2001) (citation and quotation omitted), but "[t]he trial court's conclusions of law are reviewed *de novo*." *Kraft v. Town of Mount Olive*, 183 N.C. App. 415, 418, 645 S.E.2d 132, 135 (2007).

### III.  Analysis

Defendant argues that the trial court erred when it: (1) found that defendant violated N.C. Gen. Stat. § 14-435, because there was no evidence that defendant sold, advertised, or intended to profit from the DVDs in his possession; (2) concluded that defendant's violation of N.C. Gen. Stat. § 14-435 was a breach of his lease and that defendant should be evicted on that basis; and (3) concluded that defendant's Section 8 housing benefits were properly terminated because defendant's violation of N.C. Gen. Stat. § 14-435 was a serious breach of his lease and also interfered with the peaceful enjoyment of other residents.

### A.  Violation of N.C. Gen. Stat. § 14-435

**[1]** "Findings of fact supported by competent evidence are binding on appeal [from a bench trial], notwithstanding the existence of contradictory evidence." *Terry's Floor Fashions, Inc.*, 184 N.C. App. at 10, 645 S.E.2d at 816. The trial court found that defendant advertised DVDs. The record contains a copy of a flyer posted by defendant at Preiss-Steele Place, which bore the caption "Movies Available" and listed twenty-five movie titles, and had defendant's phone number written vertically across the bottom on easy-to-tear strips. This is competent evidence that defendant advertised DVDs, and the trial court did not err in so finding.

The trial court further found that defendant sold DVDs. A witness testified that defendant stated that he could make a copy of a movie named *Madea's Family Reunion*; thereafter he delivered a DVD copy of the movie to the witness in exchange for fifteen dollars. This is competent evidence that defendant sold DVDs, and the trial court did not err in so finding.

In concluding that defendant's advertising and sale of the DVDs violated N.C. Gen. Stat. § 14-435, the trial court implicitly found that defendant advertised and sold the DVDs for financial gain. Defendant's purpose of financial gain can be inferred from his agreement to make an illegal DVD copy of a movie and his sale of the DVD for fifteen dollars. The trial court's conclusion that defendant violated

N.C. Gen. Stat. § 14-435 was supported by its findings of fact on all the essential elements. The trial court did not err in so concluding.

B. Eviction and Termination of Benefits

[2] Defendant contends that even if the trial court correctly concluded that defendant violated N.C. Gen. Stat. § 14-435, it erred when it concluded that defendant's violation of N.C. Gen. Stat. § 14-435 was a breach of his lease, for which defendant could be evicted, and was also both a serious breach of his lease and a violation of the federal regulations governing participation in the Section 8 program, for which his Section 8 housing benefits could be terminated, because no evidence was presented that anyone was disturbed by any alleged illegal activity on the part of defendant.

Defendant's lease allowed the management of the apartment complex to terminate the lease for "participation . . . in any illegal or other activity . . . which impairs the physical or social environment" of the apartment complex. We believe that the lease could be reasonably interpreted to allow termination of the lease for any illegal activity *or* for any other activity which impaired the physical or social environment of the apartment complex. Defendant's proposed interpretation of the lease would make an illegal activity acceptable if the particular illegal activity actually enhances the physical or social environment of the complex. Indeed, defendant argues that his activity did enhance the social environment of the complex. We hold that the trial court was not required to find as fact that defendant's illegal activity also impaired the physical or social environment of the apartment complex in order to conclude the lease had been breached. It was sufficient for the trial court to find that the defendant's activity was illegal.

[3] Defendant assigned error to the trial court's denial of his counterclaim for the restoration of his Section 8 housing assistance benefits, but cited no authority in the brief in support of the argument. This assignment of error is therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(6).

Affirmed.

Judges TYSON and JACKSON concur.