SEVEN SEVENTEEN HB CHARLOTTE CORPORATION, a North Carolina Corporation, d/b/a ADAM'S MARK HOTEL CHARLOTTE, Plaintiffs v. SHRINE BOWL OF THE CAROLINAS, INC., a North Carolina Corporation, JOHN DOES I-V, whose true names are unknown; DOE PARTNERSHIPS I-V, whose names are unknown; and DOE CORPORATIONS I-V, whose true names are unknown, Defendants

No. COA06-513

(Filed 6 March 2007)

### 1. Contracts— breach—enforceability of liquidated damages clause

The trial court did not err in a breach of contract case by entering judgment for plaintiff pursuant to a liquidated damages clause in the amount of $118,449.03, together with interest, despite plaintiff's failure to offer evidence, because: (1) the only issue at trial was the enforceability of the liquidated damages clause where neither party appealed a summary judgment order and it thus became the law of the case conclusively establishing the liability of defendant and leaving only the issue of damages for trial; (2) the bifurcation of the trial was appropriate, allowing the trial court to first consider whether the liquidated damages clause, the existence of which was not in dispute, was enforceable; (3) defendant failed to carry its burden of showing the liquidated damages provision was not enforceable, and in the absence of any evidence showing good cause to find the clause unenforceable, the trial court correctly held for plaintiff as a matter of law and directed a verdict for plaintiff; and (4) once the liquidated damages provision was declared enforceable, the proper damages were conclusively established by contract.

### 2. Contracts— breach—failure to make specific findings of fact

The trial court did not err in a breach of contract case by failing to make specific findings of fact as requested by defendant under N.C.G.S. § 1A-1, Rule 52, because: (1) the trial judge was not sitting as a finder of fact; (2) there were no facts at issue when the existence of the liquidated damages provision was undisputed and no evidence was presented by either party; and (3) the very nature of the directed verdict precluded the trial court from issuing findings of fact or conclusions of law.

SEVEN SEVENTEEN HB CHARLOTTE CORP. v. SHRINE BOWL OF THE CAROLINAS, INC.

[182 N.C. App. 128 (2007)]

Appeal by defendants from judgment entered 21 December 2005 by Judge J. Gentry Caudill in Mecklenberg County Superior Court. Heard in the Court of Appeals 15 November 2006.

*Roberti, Wittenberg, Lauffer & Wicker, by R. David Wicker, Jr., for the defendant-appellant.*

*Rudner Law Offices, by David R. Teece, and Hamilton Fay Moon Stephens Steele & Martin, PLLC, by T. Jonathan Adams, for the plaintiff-appellee.*

ELMORE, Judge.

Shrine Bowl of the Carolinas, Inc. (defendant) appeals from judgment entered 21 December 2005 directing a verdict in favor of Seven Seventeen HB Charlotte Corporation (plaintiff) in the amount of $118,449.03, together with interest accrued since September 2001. After a thorough review of the record, we find no error.

In August, 2004, plaintiff served a summons and complaint against defendant, alleging breach of contract. In the complaint, plaintiff alleged that the parties had formed a contract, and that the contract included a liquidated damages clause in the event of cancellation.

On 7 January 2005, plaintiff moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Arguments from both parties were presented in the Mecklenberg County Superior Court. On 3 February 2005, Judge Robert C. Ervin entered an order that stated:

1. Plaintiff's Motion for Summary Judgment on all issues of liability is hereby GRANTED. Plaintiff has shown by admissible evidence and reasonable inferences therefrom, not contradicted by other evidence or inferences, that there is no triable issue of material fact regarding the liability of Defendant Shrine Bowl of the Carolinas, Inc. Therefore, Plaintiff is entitled to summary judgment on all issues of liability as a matter of law.

2. Plaintiff's Motion for Summary Judgment on issues of damages is hereby DENIED. The Court finds that triable issues of material fact exist in regard to the enforceability of liquidated damages, and/or the amount of actual damages to which

SEVEN SEVENTEEN HB CHARLOTTE CORP. v. SHRINE BOWL OF THE CAROLINAS, INC.

[182 N.C. App. 128 (2007)]

> Plaintiff is entitled. This matter shall therefore proceed to trial on this sole remaining triable issue of fact.

The trial court thus focused exclusively on the issue of damages, deciding, first, whether the liquidated damages clause was enforceable, and, if not, what actual damages plaintiff suffered. As plaintiff's trial counsel correctly pointed out to the trial judge, if the trial court found the clause enforceable as a matter of law, there would be no need to present evidence on the issue of damages. The trial court therefore bifurcated the trial, addressing first the issue of the enforceability of the damages clause. Defendant presented no evidence and plaintiff moved for a directed verdict, which the trial court granted. Judgment was entered for plaintiff on 21 December 2005 in the amount of $118,499.03 with interest. Defendant now appeals.

[1] Defendant first contends that the trial court erred in entering judgment for plaintiff despite plaintiff's failure to offer evidence. This argument is without merit.

Preliminarily, we note that despite defendant's repeated assertions and misrepresentations to the contrary, there was only one issue at trial: the enforceability of the liquidated damages clause. As defendant correctly notes in his brief, neither party appealed the summary judgment order. Accordingly, it became the law of the case, conclusively establishing the liability of defendant and leaving only the issue of damages for trial. However, defendant then makes the feckless argument that by allowing plaintiff's motion to bifurcate the trial, the trial court effectively attempted to modify, overrule, or change the scope of the prior order. This is simply incorrect. The bifurcation of the trial was appropriate, allowing the trial court to first consider whether the liquidated damages clause, the existence of which was not in dispute, was enforceable. The fact that summary judgment had previously been denied on the issue does not preclude a later directed verdict. *See Headley v. Williams*, 162 N.C. App. 300, 306, 590 S.E.2d 443, 447 (2004) (recognizing that "denial of a summary judgment motion does not bar a subsequent directed verdict") (citing *Edwards v. Northwestern Bank*, 53 N.C. App. 492, 495, 281 S.E.2d 86, 88 (1981)).

Defendant argues at length that plaintiff offered no evidence on the issue as to what amount of damages it was entitled, a claim that plaintiff happily concedes. It appears that the parties simply have different understandings of the concept of liquidated damages. "Under the fundamental principle of freedom of contract, the parties to a con-

SEVEN SEVENTEEN HB CHARLOTTE CORP. v. SHRINE BOWL OF THE CAROLINAS, INC.

[182 N.C. App. 128 (2007)]

tract have a broad right to stipulate in their agreement the amount of damages recoverable in the event of a breach, and the courts will generally enforce such an agreement . . . ." 24 Richard A. Lord, *Williston on Contracts* § 65:1, 213 (4th ed. 2002). *See also Eastern Carolina Internal Med., P.A. v. Faidas*, 149 N.C. App. 940, 945, 564 S.E.2d 53, 56 (2002) (holding that "[l]iquidated damages clauses which are reasonable in amount are enforceable as part of a contract and are not seen as penalty clauses.").

Neither party cites any binding authority as to which party bears the burden of proving whether a liquidated damages provision is enforceable.[1] We have been unable to locate any such authority; it appears therefore that the issue is one of first impression.

Though not uniform across jurisdictions, "[t]he more widely held view . . . [is] that the burden [of establishing whether a clause is enforceable] is on the party seeking to invalidate a stipulated damages provision . . . ." 24 Richard A. Lord, *Williston on Contracts* § 65:30, at 355-56 (4th ed. 2002). "[P]lacing the burden on the party seeking to avoid a stipulated damages provision to prove that no damages were suffered or that there was no reasonable relationship between the actual or probable compensatory damages and those agreed upon," makes sense from a policy perspective. *Id.* at 357 (citing *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, 20 P.3d 388 (2001)). After all, "the purpose of a liquidated damages provision is to *obviate* the need for the nonbreaching party to prove actual damages." 24 Richard A. Lord, *Williston on Contracts* § 65:30, at 357 (4th ed. 2002) (quoting *Bair*, 2001 UT 20, 20 P.3d 388 (2001)) (emphasis added). Moreover, "placing the burden on the party seeking to invalidate a stipulated damages provision [is] appropriate because that party . . . initially agreed to it." 24 Richard A. Lord, *Williston on Contracts* § 65:30, at 357 (4th ed. 2002) (citing *Bair*, 2001 UT 20, 20 P.3d 388).

The courts which have placed the burden on the party seeking to enforce the liquidated damages clause argue that the enforcing party has " 'the most immediate access to the evidence on the issue of both (a) the difficulty of advance estimation of damages and (b) the rea-

---

1. Plaintiff's attempted reliance on *Hamilton v. Memorex Telex Corp.*, 118 N.C. App. 1, 14, 454 S.E.2d 278, 284 (1995), is misplaced. In *Hamilton*, this Court did address the issue of which party bears the burden of proof in certain cases involving liquidated damages. However, *Hamilton* dealt specifically with the special case of recovery of unpaid wages. In such cases, the burden of proof is statutorily mandated. *See* N.C. Gen. Stat. § 95-25.22 (2006). In contrast, the present case deals only with general contract principles, and is therefore not governed by the *Hamilton* court's decision.

SEVEN SEVENTEEN HB CHARLOTTE CORP. v. SHRINE BOWL OF THE CAROLINAS, INC.

[182 N.C. App. 128 (2007)]

sonableness of the forecast.'" 24 Richard A. Lord, *Williston on Contracts* § 65:30, at 359 (4th ed. 2002) (quoting *Pacheco v. Scoblionko*, 532 A.2d 1036 (Me. 1987) (citing *Restatement (Second) of Contracts* § 356)). We find this argument unpersuasive. There is no reason to assume that one party has better access to this information than another; access to information would logically depend entirely upon the facts of each individual case. Accordingly, we adopt the majority position; the burden falls on the party seeking to invalidate a liquidated damages provision.

Having established that the burden was therefore on defendant in this case, it is clear that defendant failed to carry that burden. Indeed, defendant presented no evidence whatsoever. In the absence of any evidence showing good cause to find the clause unenforceable, the trial court correctly held for the plaintiff as a matter of law and directed a verdict for plaintiff. *See* N.C. Gen. Stat. § 1A-1, Rule 50 (2006).

Defendant's lack of understanding of the fundamental principles of liquidated damages provisions is reflected in his argument that the trial court should have required evidence as to the amount of damages plaintiff was entitled to recover after the trial court directed the verdict in plaintiff's favor. "The general rule is that the amount stipulated in a contract as liquidated damages for a breach, if not a penalty, may be recovered in the event of a breach even though no actual damages are suffered." *Faidas*, 149 N.C. App. at 946, 564 S.E.2d at 56. Once the liquidated damages provision was declared enforceable, the proper damages were conclusively established by contract. Accordingly, defendant's contention is without merit.

**[2]** Defendant next contends that the trial court erred in failing to make specific findings of fact as requested by defendant pursuant to Rule 52 of our Rules of Civil Procedure. We address this issue despite careless reprinting of defense counsel's initial argument, in the heading of this section of its brief. Regardless, we find no merit in defendant's contention.

In this case, the trial judge was not sitting as a finder of fact. The trial was bifurcated to allow the trial judge to decide the issue of the enforceability of the liquidated damages provision (a question of law), prior to addressing the issue of actual damages (which, had it been reached, would have been a question of fact). Indeed, there were no facts at issue: The existence of the liquidated dam-

ages provision was undisputed, and no evidence was presented by either party.

Moreover, the very nature of the directed verdict precludes the trial court from issuing findings of fact or conclusions of law. "[F]indings of fact and conclusions of law . . . are neither necessary nor appropriate in granting a motion for directed verdict." *Chapel Hill Cinemas, Inc. v. Robbins*, 143 N.C. App. 571, 576, 547 S.E.2d 462, 466-67 (2001), *rev'd per curiam on other grounds*, 354 N.C. 349, 554 S.E.2d 644 (2001) (citing *Kelly v. Harvester Co.*, 278 N.C. 153, 159, 179 S.E.2d 396, 399 (1971) ("In the present case, the 'Findings of Fact' and 'Conclusions of Law' were not required or appropriate and have no legal significance.")). Accordingly, defendant's contention is without merit.

The trial court properly placed on defendant the burden of establishing whether the liquidation clause was enforceable. Given that defendant presented no evidence tending to show that the clause was unenforceable, the trial court was correct in entering a verdict against defendant, even in the absence of any evidence from plaintiff. Moreover, because the trial court issued a directed verdict in this case, findings of fact and conclusions of law were "neither necessary nor appropriate." *Robbins*, 143 N.C. App. at 576, 547 S.E.2d at 467. Accordingly, we find no error.

NO ERROR.

Judges HUNTER and McCULLOUGH concur.