Judge HUNTER, JR. concurring in part and dissenting in part.
While I concur in the most of the majority opinion, I respectfully dissent on its handling of the issue of punitive damages. In that section, I agree with the majority opinion containing of the definition of "penalty" and "liquidated damages." I also agree with the majority's statement of the law of punitive damages, to wit: "Whether a liquidated damages amount is a reasonable estimate of damages that would likely result from a default is a question of fact ." Green Park Inn, Inc. v. Moore , 149 N.C. App. 531, 540, 562 S.E.2d 53, 59 (2002) (emphasis added) (citation omitted). I also agree our Court has placed the burden of proof on the party seeking to invalidate the stipulated damages clause.[5] However, I part with my brethren as to whether in this contract there remain factual issues for jury resolution.
In their brief, Defendants argue the trial court erred in granting summary judgment and contend two facts create a material question of fact which require jury resolution. First, the conflicting contracts provision between the $80,000 start-up costs and the $500,000 stipulated damages clause provide sufficient evidence to show to a finder of fact the stipulated damages clause was not the product of a "good-faith effort to estimate in advance the actual damage which would probably ensue from the breach." Secondly, Defendants argue the contract at question here is "a services contract for which the amounts to be paid are fixed and the cost for provision of the services is readily ascertainable[.]" This provision, Defendants argue-and I agree-creates a separate fact sufficient to show a finder of fact the stipulated damages clause was a penalty because the estimate of damages would not have been difficult to calculate because of indefiniteness or uncertainty.
The pattern jury instructions, which govern these issues, require a jury to answer two factual questions. These are:
First, that the damages which the plaintiff and the defendant might reasonably anticipate from a breach of their (name contract ) were, at the time they entered into (name contract ), difficult to ascertain because of their indefiniteness or uncertainty.
And Second, that the amount of damages stipulated by the plaintiff and the defendant was either a reasonable estimate of the damages which probably would be caused by a breach or is reasonably proportionate to the damages which have actually been caused by the breach.
N.C.P.I. - Civ. 503.94 (footnote omitted).
The second question involves a "reasonableness" determination. In my view, when credible conflicts in documentary evidence in the written contract is adduced at the summary judgment stage, it is sufficient to raise a material question of fact, and then summary judgment is inappropriate. I would reverse and remand this matter to the trial court for a jury determination on both the availability of liquidated damages and the amount, if any.

I note contrary to Seven Seventeen HB Charlotte Corp. v. Shrine Bowl of the Carolinas, Inc. , 182 N.C. App 128, 641 S.E.2d 711 (2007), the pattern jury instructions on liquidated damages place this burden on the Plaintiff, as would be the normal allocation of proof in a motion for summary judgment where the inferences are drawn against the moving party. Id. at 131-32, 641 S.E.2d at 713-14 (holding the party seeking to invalidate a liquidated damages clause bears the burden of proving the provision is invalid); N.C.P.I. - Civ. 503.94, 503.97.