IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-41

No. COA19-537

Filed 2 March 2021

New Hanover County, No. 14 CVS 2740

PORTERS NECK LIMITED, LLC, Plaintiff,

v.

PORTERS NECK COUNTRY CLUB, INC., Defendant.

Appeal by defendant from order entered 11 December 2018 by Judge Andrew T. Heath in New Hanover County Superior Court. Heard in the Court of Appeals 10 February 2021.

> *Randolph M. James, P.C., by Randolph M. James and Kyle Martin, and Wall Babcock LLP, by Kelly A. Cameron for plaintiff-appellee.*
>
> *Gordon Rees Scully Mansukhani, LLP, by Robin K. Vinson and Thomas B. Quinn, pro hac vice, and Ward and Smith, P.A., by Alexander C. Dale, for defendant-appellants.*

TYSON, Judge.

¶ 1 Porters Neck Country Club, Inc. ("Defendant") appeals from order of the trial court awarding attorney's fees. We affirm in part, vacate in part, and remand.

## I. Background

¶ 2 Defendant was formed on 24 June 1991 to operate Porters Neck Country Club near Wilmington. Porters Neck Limited, LLC ("Plaintiff"), successor-in-interest to

Porters Neck Limited Partnership, was formed on 4 October 1991 to own, develop, and sell real property located within the Porters Neck Plantation residential community. Plaintiff is owned by Porters Neck Company, Inc. Plaintiff and Defendant entered into a Subscription Agreement on 6 September 1991. The Subscription Agreement provided for the transfer of management and control of the Defendant entity from Plaintiff to Defendant's shareholders and members upon the occurrence of stated terms and conditions.

¶ 3 Plaintiff developed the country club and maintained control of Defendant until 12 March 2004, when all parties entered the Porters Neck Country Club Turnover Agreement ("Turnover Agreement"). The Turnover Agreement conveyed ownership of the club to Defendant's shareholders and control thereof was transferred to its membership, provided minimum sale prices for various categories of memberships, were maintained and Defendant made payments from sales of memberships to Plaintiff.

¶ 4 On 26 October 2005, Plaintiff and Defendant entered into a Memorandum of Understanding ("MOU"), which increased membership fees and payments to Plaintiff from sales of memberships. Plaintiff alleged the increases in amounts payable to Defendant under the MOU have expired, but the membership rate increase had not.

¶ 5 On 7 September 2007, Plaintiff and Defendant entered into an Amendment to the Turnover Agreement ("Amendment") that temporally permitted the sale of

memberships at prices below those required in the Turnover Agreement. The Amendment also contained a proportional decrease in the payments due Plaintiff from the sale of the memberships. Plaintiff alleged this agreement has expired.

¶ 6        Plaintiff alleged Defendant continued to sell memberships at the reduced prices and making the reduced payments to Plaintiff under the expired Amendment. Plaintiff further alleged they have not received any payments from Defendant since 13 August 2014.

¶ 7        Plaintiff filed an action alleging breach of contract, unfair and deceptive trade practices, and tortious interference with contract, and sought an accounting, an injunction against continued breach, and asserted punitive damages on 4 August 2014. Plaintiff and Defendant have been involved in discovery since then. By Order Dismissing Appeal filed 6 December 2017, Plaintiff's only remaining claim is for breach of contract.

¶ 8        During discovery, Plaintiff filed a motion to compel discovery of email correspondence and meeting minutes. The trial court granted Plaintiff's motion to compel in part on 30 November 2016. Defendant did not file an appeal nor request for the denied motion to be calendared. On 12 December 2016, Defendant filed a motion for reconsideration pursuant to North Carolina Rule of Civil Procedure 59, which was denied at hearing. *See* N.C. Gen. Stat. § 1A-1, Rule 59 (2019).

¶ 9        Plaintiff's counsel sent Defendant's counsel a letter outlining alleged discovery

deficiencies and its non-compliance on 12 April 2018 and moved for sanctions on 9 May 2018.

¶ 10 The parties and the trial court held a status conference, wherein Plaintiff's counsel brought the court's attention to the ongoing discovery disputes, and alleged Defendant was not in compliance with the 30 November 2016 order to compel. Defendant's counsel represented to the trial court the discovery Defendant had produced and asserted Plaintiff had accepted the documents.

¶ 11 The parties reconvened for trial on 30 July 2018, the trial court held pretrial hearings on motions *in limine* and Plaintiff's motion to compel. During this hearing, while the jury pool waited in the courthouse, Defendant produced approximately 200 pages designated as "Club's Response to Developer's Verified Motion." The response was dated 11 June 2018, but that date was crossed out and the date 30 July 2018 was handwritten over it. The certificate of service was  asserted service by hand or by first class mail to Plaintiff on 11 June 2018. The trial court released the jury pool and continued the case to allow Plaintiff time to review the documents.

¶ 12 On 8 October 2018, the trial court granted Plaintiff's motion for sanctions pursuant to North Carolina Rules of Civil Procedure 11 and 37 for Defendant's failure to comply with the 30 November 2016 production order. *See* N.C. Gen. Stat. § 1A-1, Rules 11 & 37 (2019). The trial court ordered Defendant to pay the reasonable costs and expenses, including attorney's fees, related to its failure to comply and for the

existing delay.

¶ 13 The trial court did not set the amount of fees and expenses at the time and required additional evidence to determine the amount due. On 5 November 2018, Defendant filed a notice of appeal of the order.

¶ 14 On 8 November 2018, the trial court heard arguments and awarded Plaintiff $15,120.50 in attorneys' fees and expenses under Rule 37 and $33,570.00 under Rule 11 on 28 December 2018. Defendant filed another appeal on 2 January 2019. On 30 September 2020, Plaintiff filed a motion to dismiss both of Defendant's appeals to this Court, which was referred to this panel for review by order entered 3 November 2020.

## II. Jurisdiction

### A. Interlocutory order and appeal

¶ 15 Based upon Plaintiff's referred motion to dismiss, we first address whether Defendant's appeal is properly before this Court. Defendant concedes its appeal is interlocutory and asserts the trial court was divested of jurisdiction based on its 5 November 2018 notice of appeal.

¶ 16 "Where a party appeals from a *non*appealable interlocutory order, however, such appeal does not deprive the trial court of jurisdiction, and thus the court may properly proceed with the case." *RPR & Associates, Inc. v. Univ. of N.C.-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002) (citations omitted).

¶ 17 By ordered entered 19 February 2019, our Court dismissed Defendant's appeal

of the initial 8 October 2018 order as interlocutory. "[A]n order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment. *Benfield v. Benfield*, 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988) (citations omitted).

¶ 18 The trial court retained jurisdiction to enter the 28 December 2018 sanctions order.

**B. Substantial Right**

¶ 19 Defendant further contends its appeal affects a substantial right. Our Supreme Court has defined "[a]n interlocutory order [as] one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted).

¶ 20 This Court has added: "As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 77, 711 S.E.2d 185, 188 (2011) (citations omitted). "Appeals from interlocutory orders are only available in exceptional circumstances." *Id.* (citation and internal quotation marks omitted). The reason for "[t]he rule against interlocutory appeals seeks to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to bring a case to final judgment

before its presentation to the appellate courts." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (citation omitted).

¶ 21 "No hard and fast rules exist for determining which appeals affect a substantial right. Rather, such decisions usually require consideration of the facts of the particular case." *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984) (citations and quotation marks omitted). "Whether a substantial right is affected usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from." *Id.* at 642, 321 S.E.2d at 250.

Turning to the order before us, generally "[t]he order granting attorney fees is interlocutory, as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *Cochran v. Cochran*, 93 N.C. App. 574, 577, 378 S.E.2d 580, 582 (1989).

### C. Sanctions

¶ 22 An order for sanctions may be immediately appealed if it affects a substantial right under N.C. Gen. Stat. §§ 1-277 or 7A-27(b)(3)(a) (2019). A substantial right is invoked when the sanction ordered is a substantial sum and is immediately payable. *See Estate of Redden ex rel. Morely v. Redden*, 179 N.C. App. 113, 116-17, 632 S.E.2d 794, 798 (2006) ("The Order appealed affects a substantial right of [the] Defendant . . . by ordering her to make immediate payment of a significant amount of money;

therefore this Court has jurisdiction over the Defendant's appeal pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d) [2005]." (citations omitted)), *remanded on other grounds*, 361 N.C. 352, 649 S.E.2d 638 (2007); N.C. Gen. Stat. § 7A-27(b).

¶ 23    The trial court ordered Defendant to immediately pay attorneys fees as sanctions to Plaintiff totaling in excess of $48,000. Defendant has sufficiently established the order affects a substantial right and that interlocutory review is appropriate. Plaintiff's motion to dismiss Defendant's appeal is denied.

¶ 24    Additionally, Defendant has also filed a conditional petition for writ of certiorari requesting we review not only the 28 December 2018 sanctions order but also the 30 November 2016 order compelling production and the 8 October 2018 order, which found Defendant in violation of the 30 November 2016 order. As we have determined Defendant has shown a substantial right to immediately appeal the 28 December 2018 order, we dismiss that part of the petition as moot. As Defendant raises no arguments in briefing to this Court challenging the two prior orders, we deny Defendant's petition seeking review of those two orders. *See* N.C. R. App. P. 28(a). Defendant's conditional petition for writ of certiorari is dismissed as moot in part and denied in part.

### III. Issue

¶ 25    Defendant argues the trial court erred in awarding sanctions pursuant to

North Carolina Rules of Civil Procedure 11 and 37. N.C. Gen. Stat. § 1A-1, Rules 11 and 37.

## IV. Rule 37 Sanctions

In this appeal, as noted above, Defendant does not raise arguments challenging either the 30 November 2016 order compelling production or the 8 October 2018 order in which the trial court made the initial determination to impose sanctions. Rather, in this appeal, Defendant argues the trial court erred in awarding $15,120.50 in attorney fees pursuant to North Carolina Rule of Civil Procedure 37 in the 28 December 2018 order.

## A. Standard of Review

The imposition of sanctions under North Carolina Rule of Civil Procedure 37 for a party failing to comply with discovery requests and the trial court's decisions "is a matter within the sound discretion of the trial court and cannot be overturned on appeal absent a showing of abuse of discretion." *Burns v. Kingdom Impact Glob. Ministries, Inc.*, 251 N.C. App. 724, 729, 797 S.E.2d 21, 25 (2017) (citing *Bumgarner v. Reneau*, 332 N.C. 624, 631, 422 S.E.2d 686, 690 (1992).

"An abuse of discretion may arise if there is no record evidence which indicates that [a] defendant acted improperly, or if the law will not support the conclusion that a discovery violation has occurred." *Butler v. Speedway Motorsports, Inc.*, 173 N.C. App. 254, 264, 618 S.E.2d 796, 803 (2005) (citations omitted).

## B. Analysis

North Carolina Rule of Civil Procedure 37(b)(2) provides:

> **Sanctions by Court in Which Action is Pending.** —If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f) a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2019).

"[A] broad discretion must be given to the trial judge with regard to sanctions." *Batlle v. Sabates*, 198 N.C. App. 407, 417, 681 S.E.2d 788, 795 (2009) (citations and internal quotation marks omitted). This Court further stated, "[a] trial court does not abuse its discretion by imposing a severe sanction so long as that sanction is among those expressly authorized by statute and there is no specific evidence of injustice." *Id.* at 417, 681 S.E.2d at 795 (citations and internal quotation marks omitted).

On appellate review, "where the record on appeal permits the inference that

the trial court considered less severe sanctions, this Court may not overturn the decision of the trial court unless it appears so arbitrary that it could not be the result of a reasoned decision." *Badillo v. Cunningham*, 177 N.C. App. 732, 734, 629 S.E.2d 909, 911, *aff'd per curiam*, 361 N.C. 112, 637 S.E.2d 538 (2006).

¶ 32    The trial court made the following unchallenged findings of fact in its 8 October 2018 sanctions order:

> 1. During the course of this matter, discovery disputes arose between the parties. After multiple hearings and conference calls regarding those disputes, [the trial court] entered an Order dated 26 November 2016 and entered 30 November 2016[.]
>
> . . .
>
> 14. On 12 April 2018, counsel for Plaintiff corresponded with counsel for Defendant outlining ongoing discovery issues and Defendant's non-compliance with [the trial court's] Order.
>
> 15. On 17 April 2018, counsel for Plaintiff again corresponded with counsel for Defendant outlining discovery issues, Defendant's non-compliance with the [the trial court's] Order, and a sense of urgency given the upcoming trial date.
>
> 16. On 9 May 2018, Plaintiff filed their Motion to Compel alleging that [Defendant] had failed to comply with [the trial court's] November 2016 Order, among other things.
>
> . . .
>
> 19. During the 24 July 2018 status conference, Counsel for Plaintiff directed the Court's attention to the ongoing

discovery disputes, Plaintiff's Motion to Compel, and contended that the Defendant was not in compliance with [the trial court]'s Order because Defendant had failed to produce items the Order compelled them to produce.

20. During the 24 July 2018 status conference, Counsel for Defendant took an opposite position and represented to the court that Defendant had produced, and Plaintiff had accepted, the items that Plaintiff contended Defendant had failed to produce. Defendant further represented to the Court that they would be prepared for trial as scheduled. Specifically, Counsel for Defendant stated, "I take issue with these discovery issues. I'm going to hand up to you when we have that hearing, the [d]ate-stamped number where the documents that they claim we haven't produced to them, I've got the [d]ate-stamped number where they accepted it, they just don't know they had it or they haven't looked. And so it's not flippant that I haven't gone out of my way to educate people on that, I don't need to I don't believe. So when we convene next week, I would hope that those issues might be able to get resolved before Monday, that would be good. But if not, I guess we tee that up and then a jury would come in probably Tuesday afternoon or Wednesday, something like that.

. . .

24. Contrary to counsel for Defendant's statements to the Court on 24 July 2018 that Defendant would provide [d]ate-stamped copies showing Plaintiff's receipt of all documents, the responsive pleading included a section entitled "Documents Subject to Motion for Reconsideration" which outlined the Defendant's basis for refusing to produce[.]

. . .

26. The undersigned finds that the certificate of service for Defendant's responsive pleading was originally dated June

11, 2018 (the previously scheduled trial date), but over the top of the June 11 date is written July 30, 2018 (amending the certificate of service to reflect the most recent trial date). The undersigned finds that Defendant purposefully delayed tendering responsive documents and the responsive pleading such that it would cause surprise and delay. The Court finds that this tactic did cause surprise and did delay the trial in this matter.

¶ 33　　The trial court further found the 26 November 2016 order remained valid, Defendant continues to willfully withhold the documents despite being compelled, and Defendant had the ability to comply with the order. Defendant does not challenge these findings, which are binding upon appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

¶ 34　　The trial court's findings of fact support the conclusion that Defendant continued to violate the 30 November 2016 discovery order. Defendant has failed to show the trial court abused its discretion by granting Plaintiff's motion for sanctions. That portion of the trial court's order is affirmed.

## V. Rule 37 Award of Attorney's Fees

¶ 35　　Defendant further argues the trial court lacked evidence to award fees and costs. North Carolina follows the "American Rule" with regards to awards of attorney's fees against an opposing party. *Ehrenhaus v. Baker*, 243 N.C. App. 17, 23-25, 776 S.E.2d 699, 704-05 (2015). Applying the "American Rule", our Supreme Court held each litigant is required to pay its own attorney's fees, unless a statute or

agreement between the parties provides otherwise. *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972).

¶ 36 Over thirty years ago, this Court held: "Rule 37(a)(4) requires the award or expenses to be reasonable, [and] the record must contain findings of fact to support the award of any expenses, including attorney's fees. The findings should be consistent with the purpose of the subsection, which is not to punish the noncomplying party, but to reimburse the successful movant for his expenses." *Benfield*, 89 N.C. App. at 422, 366 S.E.2d at 504 (citations omitted).

¶ 37 The following year after deciding *Benfield*, this Court listed the required findings, "in order for the appellate court to determine if the statutory award of attorneys' fees is reasonable the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Cotton v. Stanley*, 94 N.C. App. 367, 369, 380 S.E.2d 419, 421 (1989).

¶ 38 The trial court found in its order awarding attorney's fees:

> 4. Based on the submissions of the parties, Plaintiff's counsel's stated billable hourly rates are reasonable and are in keeping with the usual and customary fees charged by other attorneys of similar experience, skills and practice areas in the New Hanover County legal community.
>
> 5. Based on the submissions of the parties as well as the time expended by the Court during the court's consideration of Plaintiff's motion to compel, [trial court]'s

> Order and Plaintiff's motion for sanctions, the court finds that the time and labor expended and expense incurred by Plaintiff addressing Defendant's deficient discovery and the necessary interventions of this Court were reasonable and necessary to prosecute Plaintiff's claims.
>
> 6. After reviewing the submissions of the parties, the court finds that the amount of $15,120.5 . . . reflects the amount of the reasonable expenses incurred, including reasonable attorney' (sic) fees because of the Defendant's sanctionable conduct under Rule 37 as set forth in the Court's 8 October 2018 Order.

The trial court found that counsel's rates were set forth in an affidavit; those rates were comparable and reasonable for the work done by others in the legal market; the subject matter of the case, and the experience of the attorneys; the specific work done by counsel was reasonable and necessary; and the costs incurred by Plaintiffs were reasonable and necessary. Defendant challenges and argues these findings are not supported by evidence in the record because the court relied only upon Plaintiff's counsel's self-serving affidavits and conclusory statements.

In *WFC Lynwood I LLC v. Lee of Raleigh, Inc.*, 259 N.C. App. 925, 935, 817 S.E.2d 437, 444 (2018), this Court vacated and remanded an attorney's fee award based on an affidavit that offered no statement on comparable rates in the field of practice and did not offer comparable rates of attorney's fees at the hearing.

Here, the affidavit does not state a comparable rate by other attorneys in the area with similar skills for like work, and it contains a conclusory assertion: "The

rates charged by our lawyers and staff are customary rates and are reasonable and ordinary for professionals of similar skill and experience practicing in North Carolina's state courts, and are the same rates charged to other clients of the firm for similar services."

¶ 42        Plaintiff submitted insufficient evidence of a comparable fee rate to the trial court to show "the customary fee for like work" by others in the legal market to support a finding on that point, and to award attorney's fees. The trial court erred by making a finding with respect to "the customary fee for like work" absent evidence to support such a finding. *See id.*

¶ 43        We vacate the order with respect to the amount awarded and remand to the trial court. "On remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion." *Heath v. Heath*, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999).

## VI. Rule 11 Attorney's Fees

¶ 44        Defendant asserts the trial court abused its discretion when it awarded sanctions pursuant to North Carolina Rule of Civil Procedure 11. In light of this Court's holding to vacate with respect to the amount awarded and remand for further proceedings and findings, the trial court's award of attorney's fees pursuant to North Carolina Rule of Civil Procedure 11 is also vacated and remanded.

## VII. Conclusion

Defendants interlocutory appeal is properly before us on the award and amount of sanctions. We affirm the trial court's conclusion to award attorney fees for Defendant's discovery violations. We vacate the trial court's finding of "the customary fee for like work" absent comparable evidence of fees charged by others in the legal market with similar skills and experience for like work to support such a finding. We vacate the sanctions order with respect to the amounts awarded pursuant to North Carolina Rules of Civil Procedure 11 and 37 and remand to the trial court for further hearing. *It is so ordered.*

AFFIREMD IN PART, VACATED IN PART, AND REMANDED.

Judges INMAN and HAMPSON concur.